**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4527**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CORY LEE CALLEN,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at
Bluefield.  David A. Faber, Senior District Judge.  (1:17-cr-00152-1)

Submitted:  June 10, 2021                          Decided:  June 21, 2021

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Winfrey, II, Princeton, West Virginia, for Appellant.  Michael B. Stuart, United
States Attorney, Timothy D. Boggess, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Lee Callen pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Callen to 37 months of imprisonment, followed by 3 years of supervised release. Following Callen's release from incarceration, he was charged in state court with strangulation, domestic violence, and grand larceny. The district court revoked Callen's supervised release and sentenced Callen to 24 months of imprisonment. Callen filed a motion for reconsideration, which the district court denied. On appeal, Callen challenges the district court's admission of hearsay testimony at the revocation hearing. We affirm.

"We review a district court's evidentiary ruling in a revocation hearing for abuse of discretion." *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2014). Pursuant to Fed. R. Crim. P. 32.1(b)(2)(C), a defendant in a revocation proceeding is entitled to an opportunity to question adverse witnesses unless the court determines that the interest of justice does not require the witness to appear. *Id.* "Rule 32.1(b)(2)(C) specifically requires that, prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012). While reliability is no longer the test for admissibility, it remains "a critical factor in the balancing test under Rule 32.1." *Id.* at 531. "If hearsay evidence is reliable and the [g]overnment has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1." *Id.*

We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in admitting the victim's statements. The court found that the statements were reliable because they were made while under the stress of a startling event. In addition, as the Government explained, although it worked with local law enforcement to try to locate the victim for several weeks, the victim could not be found, so the Government could not call her to testify.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*